IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSEPH CRANE,

        Plaintiff,               No. CIV S-11-0663 KJM CKD P

      vs.

MIKE McDONALD, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect an initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be

1

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  28

U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a

cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must

contain something more...than...a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure

1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___

U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

\\\\

1      In reviewing a complaint under this standard, the court must accept as true the

2  allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

3  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

4  doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

5      Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.

6  <u>See</u> <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506 (2002).  Complaints are required to set a forth (1) the

7  grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim

8  showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only

9  "sufficient allegations to put defendants fairly on notice of the claims against them."  <u>McKeever</u>

10  <u>v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action

11  are present, but are scattered throughout the complaint and are not organized into a "short and

12  plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  <u>McHenry v.</u>

13  <u>Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996).

14      Here, plaintiff alleges that, at various times between 2004 and 2008, he was

15  denied outdoor exercise for "months at a time" and spent hundreds of days "locked down on

16  solitary confinement" while incarcerated at Salinas Valley State Prison (SVSP).  (Dkt. No. 1

17  ("Cmplt.") at 6-8.)  In January 2008, he allegedly was made to lie down naked in a puddle of

18  water in the rain and then placed in lockdown for twenty days.  (Id. at 8.)  In September 2008,

19  plaintiff was relocated to High Desert State Prison (HDSP).  (Id. at 3.)  There too, he was

20  allegedly "subjected to months and years of lockdown."  (Id. at 10.)  Plaintiff makes various

21  other allegations concerning his conditions of confinement at SVSP and HDSP, including that he

22  was subjected to unsanitary showering conditions and retaliation and was denied religious and

23  educational programing.  He generally alleges that "Defendants and their agents (Prison Guards)

24  have imposed a rein of terror and abuse against prisoners[.]"  (<u>Id</u>. at 5.)

25      Plaintiff claims that these events show a "pattern" of unconstitutional behavior by

26  defendants.  However, because the allegations span four years, two institutions, and numerous

3

1   alleged lockdowns, denials of outdoor exercise, and other incidents, it is unduly burdensome to

2   determine which, if any, state a cognizable claim pursuant to section 1983.  This complaint

3   illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without

4   simplicity, conciseness and clarity" which "fail to perform the essential functions of a

5   complaint."  McHenry , 84 F.3d at 1179-80.

6          A major flaw of the complaint is that it attempts to bring numerous unrelated

7   claims in a single action.  Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an

8   original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or

9   as alternate claims, as many claims, legal, equitable, or maritime as the party has against an

10   opposing party."  "Thus multiple claims against a single party are fine, but Claim A against

11   Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  George v.

12   Smith, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong

13   in different suits[.]"  Id.

14          Another flaw in the complaint is that plaintiff has named as defendants several

15   wardens and facility captains at SVSP and HDSP without alleging their direct involvement in the

16   incidents described.  Supervisory personnel are generally not liable under § 1983 for the actions

17   of their employees under a theory of respondeat superior and, therefore, when a named defendant

18   holds a supervisorial position, the causal link between him and the claimed constitutional

19   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

20   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague

21   and conclusory allegations concerning the involvement of official personnel in civil rights

22   violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23          Plaintiff's complaint will be dismissed and he will be granted leave to file an

24   amended complaint within 30 days of service of this order.  In an amended complaint plaintiff

25   should not raise many unrelated claims, but rather focus on a few specific claims and describe the

26   actions of the individual defendants.

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

4   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

5   there is some affirmative link or connection between a defendant's actions and the claimed

6   deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

7   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

8   vague and conclusory allegations of official participation in civil rights violations are not

9   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

11   order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12   complaint be complete in itself without reference to any prior pleading.  This is because, as a

13   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

14   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

15   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

16   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17    On April 10, 2011, plaintiff requested a 30-day extension of time to file a motion

18   to proceed in forma pauperis and a form declining to proceed before a magistrate judge.  Because

19   plaintiff has filed both these documents and no longer requires an extension, the court will deny

20   his motion as moot.

21    In accordance with the above, IT IS HEREBY ORDERED that:

22    1.  Plaintiff's April 11, 2011 motion for a 30-day extension of time (Dkt. No. 10)

23   is denied as moot.

24    2.  Plaintiff's request for leave to proceed in forma pauperis is granted.

25    3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

26   All fees shall be collected and paid in accordance with this court's order to the Director of the

California Department of Corrections and Rehabilitation filed concurrently herewith.

    4.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

 Dated: November 2, 2011

               _____
          CAROLYN K. DELANEY
          UNITED STATES MAGISTRATE JUDGE

2
cran0663.B