IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD J. CRANE,

       Plaintiff,                      No. CIV S-11-0663 KJM CKD P

   vs.

MIKE McDONALD, et al.,

       Defendants.          ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. The original complaint in this action was dismissed with leave to amend on November 2, 2011. (Dkt. No. 16.) Plaintiff filed the First Amended Complaint (FAC) on January 9, 2012. (Dkt. No. 21.)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever

v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

In the FAC, plaintiff names the following five defendants: Mike McDonald and T. Felker, both identified as Wardens at High Desert State Prison (HDSP); Davey, Captain of Facility B at HDSP and assigned to the Sensitive Needs Yard; Mike Evans, Warden of SalinasValley State Prison (SVSP); and D. M. Mantel, Captain of Facility A at SVSP and a onetime Inmate Appeals Coordinator.  (FAC at 5-6.)[1]

Plaintiff alleges as follows: Between April 2004 and March 2008, while housed at SVSP, he was denied outdoor exercise during long periods of lockdown.  (Id. at 6-7.)  In a 2007 inmate appeal, plaintiff claimed that "High Ranking Officials . . . at SVSP are in a conspiracy with Correctional Officers in order to keep the 'A' Facility Sensitive Needs Yard (SNY) Program confined to their cell on segregation citing lack of staff.  [Plaintiff] alleges that the Administration at SVSP allow half of the Custody Staff to take vacation and sick leave, while the remaining half run the institution on Modified Program citing lack of staff. . . . [Plaintiff] states that the continuous lockdowns/modified programs have an adverse effect upon the inmate populations' mental state, their physical state, [and] their physical well-being[.]"  Plaintiff's First-Level Appeal on this basis was denied by defendant Mantel.  (Id. at 37, Ex. B.)[2]

In March 2008, after plaintiff sued prison officials for failing to respond to his inmate grievances concerning the denial of outdoor exercise, he was placed in administrative segregation for six months, allegedly in retaliation for his lawsuit.  (Id. at 7; see at 55-56, Ex. C (inmate appeal decisions regarding plaintiff's complaint of retaliation)).

---

[1] Page citations refer to page numbers assigned by the court's docketing system.

[2] But see id. at 39-41 (Second-Level Appeal Response denying plaintiff's allegation of staffing scheme on the Sensitive Needs Yard.)

3

1    In September 2008, plaintiff was transferred to HDSP, specifically to the Sensitive Needs Yard in Facility B. Upon arriving at HDSP, he was placed on lockdown for two weeks until the beginning of October. On October 21, 2008, he was placed on lockdown again until December 2, 2008. He was placed on lockdown for approximately three weeks in March 2009, then locked down again between March 29 and April 23, 2009. (Id. at 61, Ex. D (inmate grievance dated April 23, 2009).) Plaintiff alleges that he was subject to frequent lockdowns at HDSP throughout 2009, and that the "pattern of lockdown with brief days off" on which he has access to outdoor exercise, continues to the present day. (Id. at 6-7.) He alleges that "[t]he denial of outdoor exercise has caused plaintiff's body to severely deteriorate, and he cannot walk more than a short distance due to pain in his legs. His legs are in constant pain[.]" (FAC at 8.)

Although a temporary denial of exercise does not per se constitute an Eighth Amendment violation, denial of all outdoor exercise for an extended period may. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (temporary deprivation of 21 days without outdoor exercise with no medical effects not a substantial deprivation); Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir.1980) (30-day emergency lockdown period was an unusual circumstance justifying denial of outdoor exercise); but see Spain v. Procunier, 600 F.2d 189, 199–200 (9th Cir. 1979) (upholding district court decision that inmates confined with almost total lack of outdoor exercise for period of years was cruel and unusual punishment, and requiring they be allowed one hour of outdoor exercise, five days a week, absent poor weather, unusual circumstances).

The Ninth Circuit has clarified the elements necessary to state a deprivation that would rise to the level of an Eighth Amendment violation:

> An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective. Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate

1 indifference." Id. (citations omitted).

2 Lopez v. Smith, 203 F.3d 1122, 1132–1133 (9th Cir. 2000).  In Lopez, the Ninth Circuit found
3 that plaintiff's claim that he was denied all outdoor exercise for six and a half weeks met the
4 objective requirement for an Eighth Amendment claim.  The Lopez court noted that "the clear
5 implication of May is that temporary denials of outdoor exercise must have adverse medical
6 effects to meet the Eighth Amendment test, while long-term deprivations are substantial
7 regardless of effects."  Id. at 1133 n. 15.

8 Here the court finds that for screening purposes, plaintiff has stated an Eighth
9 Amendment claim concerning denial of outdoor exercise against SVSP defendants Mike Evans
10 and D. Mantel, and HDSP defendant Davey.

11 As to HDSP Wardens McDonald and Felker, plaintiff has failed to allege their
12 direct involvement in the pattern of lockdowns/denial of outdoor exercise at HDSP.  Supervisory
13 personnel are generally not liable under § 1983 for the actions of their employees under a theory
14 of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the
15 causal link between him and the claimed constitutional violation must be specifically alleged.
16 See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441
17 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning
18 the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v.
19 Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Thus these defendants should be
20 dismissed.

21 The court finds plaintiff's allegations insufficient to state a First Amendment
22 retaliation claim against any defendant.  Within the prison context, a viable claim of First
23 Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some
24 adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that
25 such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did
26 not reasonably advance a legitimate correctional goal ."  Rhodes v. Robinson, 408 F.3d 559, 567-

68 (9th Cir. 2005).  The FAC does not make clear which if any of the named defendants retaliated against plaintiff, nor does it sufficiently allege why plaintiff's placement in administrative segregation for six months did not reasonably advance a legitimate correctional goal.  Thus plaintiff's retaliation claim should be dismissed.

Plaintiff also claims that the HDSP defendants violated his equal protection rights by denying inmates housed in the Sensitive Needs Yard the religious, educational, and therapy services provided to other inmates.  (FAC at 11-12.)  However, these allegations are too vague and conclusory to state a claim.

Plaintiff will be given 30 days from the date of service of this order to amend his complaint to cure any deficiencies outlined above.  Plaintiff is not required to file a Second Amended Complaint, but failure to do so will be construed as plaintiff's consent to dismiss the above-mentioned defendants and causes of action with prejudice.  Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a

general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Furthermore, any Second Amended Complaint shall not include allegations unrelated to the claims that are the subject of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants McDonald and Felker are dismissed with leave to amend.  Additionally, all claims except the Eighth Amendment denial of outdoor exercise claims against defendants Mike Evans, D. Mantel, and Davey, are dismissed with leave to amend.

2. Plaintiff is granted 30 days from the date of service of this order to amend his complaint to cure the deficiencies outlined in this order.  Plaintiff is not required to file a Second Amended Complaint, but failure to do so will be construed as plaintiff's consent to the dismissal of the above-mentioned defendants and causes of action.

3. If plaintiff elects to amend, any amended complaint shall bear the docket number assigned to this case, shall be labeled "Second Amended Complaint."

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

Dated: May 8, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
cran0663.B