UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MIKE McDONALD, et al.,<br><br>　　　　　Defendants. | No. 2:11-cv-0663 KJM CKD P<br><br><br>ORDER |

I. Introduction

Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  In the operative First Amended Complaint (FAC), plaintiff alleges that he was denied outdoor exercise for long periods of time after being transferred to High Desert State Prison (HDSP) in September 2008, because the facility in which he was housed was placed on "lockdown" numerous times.  (ECF No. 21.)  Defendants have filed a motion for summary judgment.  (ECF No. 77.)  Pending before the court is defendants' September 3, 2013 motion to seal documents in support of defendants' motion for summary judgment.  (ECF No. 81.)

////

////

1

II. <u>Motion to Seal Documents</u>

    Most courts recognize a presumption of public access to court records based on common law and First Amendment grounds. The public therefore normally has the right to inspect and copy documents filed with the court. <u>See</u> <u>Nixon v. Warner Comm., Inc.</u>, 435 U.S. 589, 597-98 (1978); <u>Globe Newspaper v. Superior Court for Norfolk County</u>, 457 U.S. 596, 603 (1982); <u>Phillips ex rel. Estates of Byrd v. General Motors Corp.</u>, 307 F.3d 1206, 1212 (9th Cir. 2002). However, public access may be denied where the court determines that court-filed documents may be used for improper purposes. <u>Nixon</u>, 435 U.S. at 598; <u>Hagestad v. Tragesser</u>, 49 F.3d 1430, 1433-1434 (9th Cir. 1995). Courts should consider "the interests advanced by the parties in light of the public interest and the duty of the courts." <u>Id.</u> at 1434 (quoting <u>Nixon</u>, 435 U.S. at 602). The Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." <u>Id.</u> at 599. After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture. <u>Hagestad</u>, 49 F.3d at 1434. Local Rule 141allows the court to seal documents only upon written order. L.R. 141(a). Generally, the contents of such documents are of a nature that require the court to maintain the confidentiality of the document. For example, the contents may reveal information that may jeopardize the safety of particular individuals.

    Defendants request to file under seal documents marked Exhibit F to defendants' motion for summary judgment, consisting of 224 consecutively-numbered pages. In conjunction with the instant motion, defendants have submitted an electronic copy of Exhibit F for the court's <u>in camera</u> review. (See ECF No. 81.)

    Defendants characterize Exhibit F as "Program Status Reports, section C, from modified programming emanating out of High Desert State Prison" and note that the reports "have been designated as confidential by the California Department of Correction and Rehabilitation." (See ECF No. 81.) Defendants assert that the material in Exhibit F, if made public,

////

> might jeopardize the safety and security of inmates and staff, and the institutions in which they are housed or work. The documents contain the names of prison officials who interviewed and communicated with confidential informants, or other prisoners who provided information to staff during investigations following the implementation of modified programming at High Desert State Prison. If their names or identities became known, their safety would be endangered.

(Defendants' Request to File Documents Under Seal, submitted September 9, 2013.)

The general content of Exhibit F, absent names and identifying information, is set forth in Defendants' Undisputed Facts Nos. 41-75, which have been served on plaintiff in conjunction with the motion for summary judgment and are publicly available on the court's docket. (ECF No. 80 at 7-12.) In brief, Exhibit F documents a series of lockdowns and modified programs at Facility B of HDSP between September 2008 and March 2010.[1] The records comprising Exhibit F purportedly establish (as will be determined on summary judgment) that these lockdowns were implemented for security purposes in the wake of, e.g., prison staff learning that inmates were targeting guards for assault, prison staff learning that dangerous pieces of metal were missing, violent attacks by inmates on other inmates, and gang-related violence. (See id.) Having reviewed the documents submitted in camera as Exhibit F, the undersigned notes that they identify correctional staff and prisoner informants involved in the investigation of such incidents; many pages are marked "Confidential."

The court does not seal case documents or exhibits from public view without good cause. Here, defendants plausibly represent that the prison inmates and staff identified in Exhibit F

---

[1] In an attached declaration, the custodian of records at HDSP states:

> A Program Status Report is generated for each modified program affecting the inmate population at High Desert State Prison. The documents and entries in documents pertaining to Program Status Reports are prepared at or near the time of their occurrence by persons with knowledge of the circumstances or events.
>
> The documents [in Exhibit F] are true and correct copies of all Program Status Reports for High Desert State Prison regarding Facility B from June 2008 through [October 25, 2012].

(Defendants' Request to File Documents Under Seal, submitted September 9, 2013.)

1  would be in danger if their identities were publicly known, and that institutional security would
2  be at risk if these materials were publicly disclosed.  It is the practice of this court to maintain
3  case documents under seal for an undetermined time period, until they are ordered unsealed by
4  the court.  Accordingly, the court shall grant defendants' motion to seal and direct the Clerk of
5  Court to seal Exhibit F until it is ordered unsealed by the court.

6  In its order of October 16, 2013, the court stated that plaintiff would not be required to file
7  an opposition to defendants' motion for summary judgment until the motion to seal was resolved.
8  (ECF No. 83.)  At this time, the court will grant plaintiff thirty days to file an opposition to
9  defendants' motion for summary judgment.

10  Accordingly, IT IS HEREBY ORDERED THAT:

11  1. Defendants' motion to file documents under seal (ECF No. 81) is granted;

12  2. The Clerk of Court is directed to seal the case documents submitted by defendants as
13  Exhibit F to defendants' motion for summary judgment, until they are ordered unsealed by the
14  court; and

15  3. Plaintiff shall file and serve an opposition to defendants' motion for summary
16  judgment no later than thirty days from the date of this order.  (See ECF No. 78.)  Failure to
17  timely file an opposition will result in a recommendation that this action be dismissed.

18  Dated:  February 26, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

24  2 / cran0663.seal